# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JIM JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:16-cv-30190-MGM |
| v. | ) | |
| | ) | |
| BERKSHIRE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## CONFIDENTIALITY AGREEMENT

Whereas, the parties to this Confidentiality Agreement (the "Agreement"), have agreed that certain discovery material is and should be treated as confidential subject to the following terms and conditions:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery, including without limitation electronically stored information ("ESI") (hereinafter collectively "documents") shall be subject to this Agreement concerning confidential information as set forth below.  The protections conferred by this Agreement shall cover documents designated as CONFIDENTIAL by any party or non-party pursuant to the terms of the Agreement.  The scope of this Agreement does not include the treatment of personal identifying information or individual financial data of consumers other than the plaintiff to which privacy protections are mandated by the Gramm-Leach-Bliley Act or other similar laws, which

information and data will be the subject of further discussion and agreement(s), if necessary, to the extent that the production of such data is sought.

2.   **Form and Timing of Designation.**   Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL designation.   Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents.  A party may designate as CONFIDENTIAL document(s) produced by a non-party by providing written notice to all parties of the relevant Bates numbers or other identification within fifteen (15) business days after receiving such document(s).  Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of the right to designate documents as CONFIDENTIAL as otherwise allowed by this Agreement, and the producing party may thereafter designate such documents within fifteen (15) business days of the discovery of the inadvertent production or failure to designate.

3.   **Documents Which May be Designated Confidential.**  Any party may designate as CONFIDENTIAL any document or other discovery material that the party has in good faith determined contains confidential information protected from disclosure by statute, as sensitive personal information, trade secrets, proprietary data, or sensitive research, development, financial, or commercial information ("Confidential Information").   Confidential Information shall not include information that is (i) in the public domain through no fault of the receiving party, or (ii) other information that is not treated as confidential by the producing party.  Nothing herein shall restrict in any way the parties' respective rights to use their own Confidential Information in any way they may determine.

4. **Alternative Methods of Designation.** In the event that either party determines that individual review of potentially responsive documents to determine whether they may be designated Confidential would impose on that party undue burden and/or expense, the parties agree to meet and confer in a good faith effort to consider alternative methods of designating such documents as Confidential. If, after such good faith consultation, the parties are unable to reach agreement, either party may submit their dispute to the Court for resolution.

5. **Depositions.** Deposition testimony and the transcripts and video recordings of depositions conducted in this action shall be treated as CONFIDENTIAL for a period of fifteen (15) calendar days, or such different number of days as the parties may agree, after receipt of such deposition transcript and/or video recordings. Within fifteen (15) calendar days after receipt of the transcript, a designating party may serve a notice of designation to all parties of record as to specific portions of the transcript and/or video recordings to be designated CONFIDENTIAL. Any party to the action may also designate documents and/or information disclosed during a deposition as CONFIDENTIAL by so indicating on the record during the deposition. Deposition testimony so designated shall remain CONFIDENTIAL pending challenge under the terms of this Agreement.

6. **Protection of Confidential Material.**

   a. **General Protections.** Documents designated CONFIDENTIAL and produced in this proceeding shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting the litigation (including any appeal).

   b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or other matter designated CONFIDENTIAL under the terms of this Agreement to any other person or entity except

as set forth in subparagraphs (1)-(12) below. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Agreement:

    (1)    the Court, including court personnel;

    (2)    court reporters, videographers, and their assistants, to the extent reasonably necessary for reporting and recording of depositions, hearings and proceedings;

    (3)    counsel of record in the action and employees of such counsel's firm assisting in the prosecution or defense of this action;

    (4)    in-house counsel for a party to the action, including legal assistants and other legal and clerical staff;

    (5)    present and former employees, officers and directors of the party producing the documents designated CONFIDENTIAL;

    (6)    vendors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    (7)    consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the action, together with such staff as are assisting the experts in that work, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    (8)    any mediator or arbitrator selected by the parties;

(9) individual parties to the action;

(10) insurers of the defendant in this action, but only after an authorized representative of any such insurer has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(11) to the extent not covered by (1)-(10) above, person(s) or entities who are subpoenaed to testify at deposition or trial in this litigation and their counsel, but only to the extent necessary in connection with such testimony and subject to the terms of this Agreement; and

(12) other persons only upon the express written consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Agreement. Counsel shall maintain a record of those third parties who have reviewed or been given access to the documents along with, where applicable, the originals of the forms signed by those persons acknowledging their obligations under this Agreement pursuant to ¶ 6.b.

d. **Copies.** All copies, duplicates, extracts, summaries, compilations, records or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Agreement or any portion of such a document shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All copies shall be deemed CONFIDENTIAL and shall be afforded the full protection of this Agreement whether or not marked as such.

e. **Subpoena.** If a court or government agency subpoenas or orders production of documents designated as CONFIDENTIAL from a party to the action, such party shall promptly notify counsel for the party or non-party who produced or designated the documents CONFIDENTIAL of the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or order. Such party shall also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the documents covered by the subpoena or order are subject to this Agreement.

7. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Agreement with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing the document with Confidential Information redacted following consultation with the party who designated the document as confidential as to the information within the document as to which the claim of confidentiality is made; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as CONFIDENTIAL to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion.

8. **Greater Protection of Specific Documents.** With the exception of documents for which a privilege or work product protection is claimed, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this

Agreement unless the party moves for an order providing such special protection. Nothing in this Agreement shall affect the right of any party or non-party to oppose any request for discovery on any other ground permitted by the Federal Rules of Civil Procedure or other applicable law, and no party shall be deemed by virtue of this Agreement to have waived any right it otherwise would have to object to disclosing or producing any documents on any such ground. Similarly, no party waives any right to object on any ground to the use in evidence of any of the documents covered by this Agreement.

9.   **Challenges to Designation as Confidential.**  Any CONFIDENTIAL designation is subject to challenge.   The following procedures shall apply to any such challenge.

a.   The burden of proving the necessity of a CONFIDENTIAL designation remains with the party asserting confidentiality.

b.   A party may serve upon the designating party a challenge to the designation of any document or other discovery material designated as CONFIDENTIAL. The challenge shall specify the document(s) to which the challenge is directed and shall set forth the reasons for the challenge as to each document or category of documents. The challenging party and the party which designated the document(s) to which challenge has been made shall have ten (10) business days from service of the challenge to meet and confer in a good faith effort to resolve the challenge by agreement. Unless otherwise agreed, a response to any challenged CONFIDENTIAL designation must be received within ten (10) business days of the meet and confer between counsel. If the parties cannot reach agreement as to any challenged CONFIDENTIAL designation, the challenging party may file a motion with the Court within thirty (30) days after receiving the response to the challenged designation, setting forth in detail the basis for the challenge.

    c.    Notwithstanding any challenge to the designation of documents as CONFIDENTIAL, all documents previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Agreement until one of the following occurs:

    (1)    the party who claims that the documents are CONFIDENTIAL withdraws such designation in writing; or

    (2)    the court rules that the documents should no longer be designated as CONFIDENTIAL information.

    d.    Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

10.    **Treatment on Conclusion of Litigation.**

    a.    **Agreement Remains in Effect.**  All provisions of this Agreement restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed in writing or ordered by a court.

    b.    **Return of CONFIDENTIAL Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL under this Agreement, including copies as defined above (¶6.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); or (2) counsel for the receiving party certifies in writing that the document has been destroyed  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated

CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of Confidential Information within such documents. This work product continues to be confidential under the terms of this Agreement. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose Confidential Information. In the event it is technologically infeasible to destroy all copies of any document containing Confidential Information, the receiving party shall provide the producing party with notification of the conditions that make return or destruction infeasible and, for so long as the receiving party maintains any such Confidential Information, such party and its counsel shall extend the protections of this Agreement to such Confidential Information and limit any further use or disclosure of such Confidential Information to those purposes that make the return or destruction infeasible.

11. **Agreement Subject to Modification.** This Agreement shall be subject to modification on stipulation of the parties to the action, or upon motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Agreement. The Agreement shall not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. **No Judicial Determination.** This Agreement is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

13. **Persons Bound.**  This Agreement shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

14. **Inadvertent Production of Privileged or Protected Matter.**  Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of documents protected by privilege or work product protection.  If a party inadvertently produces documents that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of those documents will not be presumed to constitute a waiver of any applicable privileges or other protection, provided the producing party complies with this paragraph.  In such circumstances, the producing party must notify in writing all parties to which the documents were inadvertently produced of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or, to the extent reasonably practicable, confirmed destruction of the inadvertently produced privileged or protected documents.  Upon such notification, the parties shall treat the documents as privileged or protected unless and until the parties agree otherwise or the Court determines the documents are not privileged or protected.  Within ten (10) days of receiving such notification, all receiving parties shall (a) return the documents to the producing party; or (b) confirm in writing to the producing party the destruction of all such documents to the extent reasonably practicable, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal the documents claimed to be privileged or protected, or (c) notify the producing party in writing of the basis for its disagreement that such documents are privileged or protected from disclosure.  In the latter event only, the receiving party or parties may retain copies of the documents asserted to be privileged for the sole purpose of responding to a motion by the producing party to deem the documents privileged or protected from disclosure.  Should

the parties be unable to agree on whether the documents are privileged or protected, the producing party shall file a motion with the Court within thirty (30) days of its receipt of the receiving party's notice of disagreement under (c) above, to deem the documents privileged or protected and to obtain the return of any copy of such documents still held by the receiving party. Pursuant to Fed. R. Evid. 502(d), the attorney-client privilege and work-product protection is not waived by disclosure connected with the litigation pending before this court.

DATED: April 25, 2017

| JIM JACOBS | BERKSHIRE BANK |
|---|---|
| By his attorney, | By its attorneys, |
| /s/ Lucy Prashker | /s/ Donald R. Frederico |
| Lucy Prashker, Esq., BBO #405330 | Donald R. Frederico, Esq., BBO No. 178220 |
| Cain Hibbard & Myers PC | Michael J. Derderian, Esq. BBO No. 682757 |
| 66 West Street, Suite 300 | Pierce Atwood LLP |
| Pittsfield, MA 01201 | 100 Summer Street, Ste. 2250 |
| (413) 443-4771 | Boston, Massachusetts 02110 |
| | (617) 488-8100 |

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JIM JACOBS,

                Plaintiff,

                                          Case No. 3:16-cv-30190-MGM

v.

BERKSHIRE BANK,

                Defendant.

**ACKNOWLEDGEMENT OF UNDERSTANDING**
**AND AGREEMENT TO BE BOUND**

        The undersigned hereby acknowledges that he or she has read the Confidentiality Agreement in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts in matters relating to the Confidentiality Agreement and understands that the terms of said Agreement obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

        Name:        [undersigned name]

        Job Title:        [Job Title]

        Employer:        [Employer]

        Business Address:        [Business Address]

Date:        [Signature ]